# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **JASEN DONNELL GINS** | **CIVIL ACTION NON. 08-1475** |
| **LDOC #469895** | |
| **VS.** | **SECTION P** |
| | **JUDGE JAMES** |
| **J.B. EVANS CORRECTIONAL** | |
| **CENTER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Jasen Donnell Gins filed the instant civil rights complaint pursuant to 42

U.S.C. §1983 and he has been permitted to litigate his claims *in forma pauperis*. Plaintiff is an

inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is

incarcerated at the J.B. Evans Correctional Center (JBECC) in Newellton, Louisiana, and he

complains that he has been forced to take cold showers "for weeks." He prays for compensatory

and punitive damages against the following defendants, Warden Deville, Deputy Warden

Pailette, and Lieutenants Campbell and Jackson. This matter has been referred to the

undersigned for review, report, and recommendation in accordance with the provisions of 28

U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended

that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff is an inmate in the custody of the LDOC; sometime in May 2008, he was

incarcerated at the JBECC. See *Jasen Donnell Gins v. South Louisiana Correctional Center, et

al.*, No. 6:08-cv-0626 at rec. doc. 3. On August 13, 2008, plaintiff filed a Step 1 grievance

complaining about cold showers; on the following day he was advised that the part needed to

repair the hot water fixture was on order and expected within a week. [rec. doc. 1, p. 7]

Plaintiff rejected that response and filed a Step 2 grievance alleging that the hot water had been off for a period of "almost 4 to 5 weeks or more..." [rec. doc.1, p. 8] He was then advised that he could shower in another dorm at night. [*Id.*]

He submitted a Step 3 grievance on August 18 claiming that the circumstances complained of amounted to a violation of his right to be free from cruel and unusual punishment. [rec. doc. 1, p. 9]

He filed the instant complaint in September 2008; he alleged that he was "being forced to take cold showers for weeks" and that this circumstance caused "more rash to break out" on him because the cold water did not open his pores sufficiently to release dirt and germs. He prays for compensatory and punitive damages totaling $26,000. [rec. doc. 1, ¶¶ IV and V]

### *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including

allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th

Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S.

25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's original complaint sets forth his claim and the basis for his cause of action. He

need not be permitted further amendment because his claim is manifestly frivolous.

## 2. General Conditions of Confinement

Plaintiff implies that he has been exposed to unconstitutional conditions of confinement

because for several weeks, he was "forced" to take cold showers. Complaints about prison

conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual

punishment. Thus, while the Eighth Amendment does not prohibit punishment it does prohibit

the unnecessary and wanton infliction of pain. See *Rhodes v. Chapman*, 452 U.S. 337, 347, 101

S.Ct. 2392, 69 L.Ed.2d 59 (1981). Of course, the Eighth Amendment does not mandate

comfortable prisons; nevertheless, it does not permit inhumane ones. *Harper v. Showers*, 174

F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an

Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement

that the plaintiff demonstrate conditions "so serious as to deprive prisoners of the minimal

measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v.*

*Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct.

1970, 128 L.Ed.2d 811 (1994).  Second, under a subjective standard, it must be shown that the

responsible prison officials acted with deliberate indifference to the prisoner's conditions of

confinement. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that

only the <u>unnecessary and wanton infliction of pain</u> implicates the Eighth Amendment." *Farmer*,

511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis

added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation,

they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S.

337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive

and even harsh, they are part of the penalty that criminal offenders pay for their offenses against

society. *Id.* However, when the restrictions of confinement rise to a level that results in physical

torture, it can result in pain without penological purpose constituting cruel and unusual

punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.

1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

Plaintiff cannot seriously maintain that having to take "cold showers" in Louisiana during the

summertime amounts to cruel and unusual punishment. As shown above, federal courts, with

regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual

allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v.*

*Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, with regard to this claim, plaintiff has alleged that the only injury sustained as a

result of taking cold showers is the development of some nonspecific rash.  Even if this

allegation is accepted as true, plaintiff has clearly alleged no more than a *de minimis* injury[1]

---

[1]  In *Luong v. Hatt*, 979 F.Supp. 481 (ND Tex. 1997),the court analyzed the "physical injury" requirement
in the context of excessive force or failure to protect claims.  The court reasoned that the determination of whether or
not an injury exceeds the *de minimis* threshold should be determined based upon how  "...people in a free world
setting in exercising their day-to-day medical care would treat such injuries." *Luong*, 979 F. Supp. at 486.

The court reasoned, "Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled

resulting from the alleged constitutional violation and that fact is sufficient to warrant dismissal of his conditions of confinement claims since in order to recover damages for exposure to dangerous conditions, a prisoner must show that he suffered an actual physical injury. See 42 U.S.C. § 1997e(e); compare *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir.2003, *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004).

Plaintiff, at worst, has been inconvenienced and not injured or otherwise harmed by the condition complained of; this condition cannot rationally seriously be equated to cruel and unusual punishment since the deprivation was not so extreme as to "... rise to a level that results in physical torture..." *Bradley v. Puckett*, 157 F.3d at 1025. Plaintiff's Eighth Amendment claim is frivolous.

### 3. Conclusion

Plaintiff maintains that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was required to take cold showers for a period of time during the summer months. His claim is manifestly frivolous. Therefore,

---

muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care. Thus, an appropriate *de minimis* standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?

A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise about [sic] *de minimis*, would ... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." *Id.*

In short, other than the minimal discomfort associated with a cold shower, the impact of the conditions of confinement on plaintiff's physical condition were not so serious as to exceed the *de minimis* threshold described above.

**IT IS RECOMMENDED** that petitioner's complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, December 17, 2008.

_____

KAREN L. HAYES
U. S. MAGISTRATE JUDGE