
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 3 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JASEN DONNELL GINS | CIVIL ACTION NO. 08-1475 |
| VERSUS | JUDGE ROBERT G. JAMES |
| J.B. EVANS CORRECTIONAL CENTER, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

On December 17, 2008, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 9], recommending that Plaintiff Jasen Donnell Gins' ("Gins") Complaint be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted. On December 29, 2008, Gins filed Written Objections [Doc. No. 10]. For the following reasons, the Court ADOPTS Magistrate Judge Hayes's recommendation.

Gins alleges that he "was taken [to] medicine for [a rash] and the doctor stated for [him] to wash it off good with hot water." [Doc. No. 1, p.5]. Gins complains that he has been forced to take cold showers "for weeks" and that this "has caused more rash to break out on me." [Doc. No. 1, p.5]. He names several supervisory officials as defendants, one of whom "knew of this situation and fail[ed] to let inmates out to take hot shower." [Doc. No. 1, p.5].

Magistrate Judge Hayes analyzed Gins' allegations as an Eighth Amendment condition of confinement claim and held that he failed to state a claim because his alleged physical injury was *de minimis*. The Court agrees that Gins has failed to state a condition of confinement claim. Even if Gins alleged a sufficient physical injury, he has not alleged that Defendants intentionally deprived him of hot water. Instead, Defendants were attempting to remedy the situation: Defendant Deputy

Warden Pailette responded to one of the grievances Gins filed and indicated that a necessary part had been ordered and was expected to arrive soon. [Doc. No. 1, p. 7]. *See Taylor v. Woods*, 05-41099, 211 Fed. Appx. 240, 2006 U.S. App. LEXIS 26780, at *3–4 (5th Cir. Oct. 26, 2006) (upholding district court's denial of condition of confinement claim based on the water temperatures in the prison shower because the prisoner admitted that prison officials were working to resolve the problem).

In his Written Objections, Gins contends that "[Defendant] J.B. Evans [Correctional Center] was notified by the doctor and nurse about the plaintiff's skin condition but never did follow through with the doctor's orders. . . . [A] violation '[can] be established' where guards 'intentionally interfere[] with the treatment once prescribed.'" [Doc. No. 10, p. 1 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976))].

Gins' complaint about the lack of hot water, as clarified by his objections, also appears to be a claim of deliberate indifference to a serious medical need. Deliberate indifference may be "manifested. . .by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104. It is unclear from Gins' Complaint whether he alleges that Defendants were aware of his medical condition and the doctor's order that he take a hot shower to clear up his rash or whether he alleges that Defendants were aware that there was no hot water available. Even if Gins had alleged that Defendants were aware of the doctor's order, Gins' allegations do not support the inference that any Defendant intentionally interfered with his treatment. As explained previously, Defendants were attempting to fix the showers.

Gins' Complaint is DISMISSED WITH PREJUDICE as frivolous and for failing to state a

claim upon which relief can be granted.

MONROE, LOUISIANA, this 23 day of January, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE